Sirajuddin M. SAIYED; et al., Petitioners,

v.

Michael B. MUKASEY, Attorney General, Respondent.

No. 07–73036.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 11, 2008.*

Filed Feb. 15, 2008.

Christopher W. Helt, Esq., Law Office of Christopher W. Helt and Associates, Chicago, IL, for Petitioners.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, DOJ–U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: WALLACE, LEAVY and RYMER, Circuit Judges.

MEMORANDUM **

This is a petition for review of the Board of Immigration Appeals' ("BIA") order denying petitioners' motion to reopen.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Cano–Merida v. INS*, 311 F.3d 960, 964 (9th Cir.2002). The regulations state that

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

a motion to reopen removal proceedings must be filed no later than ninety days after the date on which the final administrative decision was rendered in the proceeding sought to be reopened. *See* 8 C.F.R. § 1003.2(c)(2). A review of the administrative record demonstrates that the BIA did not abuse its discretion in denying petitioners' motion to reopen as untimely. Petitioners' final administrative order of removal was entered on July 29, 2004. Petitioners' motion to reopen was filed on June 29, 2007, more than ninety days after the date on which the final order of removal was entered. *See* 8 C.F.R. § 1003.2(c)(2).

It should also be noted that petitioners concede in their petition for review that they are not the beneficiaries of an approved visa petition. Petitioners are therefore not currently eligible to adjust their status to that of lawful permanent residents.

Accordingly, respondent's unopposed motion for summary disposition is granted because the questions raised by this petition for review are so insubstantial as not to require further argument. *See United States v. Hooton,* 693 F.2d 857, 858 (9th Cir.1982) (per curiam).

All other pending motions are denied as moot. The temporary stay of removal confirmed by Ninth Circuit General Order 6.4(c) shall continue in effect until issuance of the mandate.

**PETITION FOR REVIEW DENIED.**